HIGGINS, Justice.
 

 In this proceeding, two sons are seeking the interdiction of their aged father on the ground that he is
 
 “
 
 * * * presently subject to an habitual state of imbecility and insanity, and because of his condition of mind and by reason of his advanced senility has neither the power nor the' capacity to care for either his person or his property, and said defendant is altogether mentally incapable of administering his estate * * The defendant entered a general denial.
 

 The case was tried on the merits and the district judge dismissed the suit stating that the defendant “ * * * is possessed of all of his faculties, unimpaired * * * that he is far from being senile, or in any way incapable of managing his affairs * * * ” and “ * * * that the court was impressed with the altertness of his mental power.”
 

 The plaintiffs appealed.
 

 It appears from the record that Adam Jeanis, Sr., now 89 years of age, was a
 
 *720
 
 successful farmer in Acadia Parish, Louisiana. His wife died on November 27, 1926, leaving eleven children, issue of their union, and community property. After her death, the defendant continued to operate his farm or plantation until 1935, when he suffered a severe intestinal illness. During part of that time and since then, the niece of his deceased wife, who was born on his plantation and reared under his eyes, nursed him and acted as his housekeeper, due to the fact that several of his children had married and moved away or quarreled with him. Some of his children, who lived in the vicinity of his farm or plantation, were not very attentive to him and friction between him and them became so pronounced that he moved to his niece’s home in Evangeline Parish in 1939. For a while, some of his children visited him there, but because of difficulties between them, his niece requested them not to visit him at her home. As the children were part owners of the farm in Acadia Parish, he instituted a partition suit to have the property divided between them and him. Before this matter could be decided by the court, the present interdiction suit was instituted against him by his two sons.
 

 The testimony of the plaintiffs and their witnesses falls short of showing that the defendant was so senile he was incapable of managing his estate and that he had, because of his aged condition, fallen under the influence of his niece, who was endeavoring to get his property and to destroy his affection for his children. On the contrary, from the testimony of the defendant and his witnesses, who were very intimate with him during the last two years, as well as the doctor who treated him, his attorney, and his pastor, it appears that the defendant has a normal mind for a man of his age and that' he exercises his thoughts independent of others, having a distinct will of his own. The doctor, who was the plaintiffs’ witness, stated that he thought it would be an injustice to the defendant to interdict him, because for a person of his years his mind was sound.
 

 The testimony of the plaintiffs and their witnesses indicate that they were prompted to institute this proceeding for the purpose of preventing a partition of the property, which they desired to keep intact, notwithstanding the old man’s desire to give them their share thereof which they had inherited from their mother.
 

 The evidence clearly supports the conclusions of the trial judge, whose views are in accord with our own — that the plaintiffs fail to prove their case.
 

 For the reasons assigned, the judgment appealed from is affirmed, appellants to pay all costs of court.
 

 ODOM, J., takes no part.